J. W. ALSPAUGH v. W. H. WINSTEAD and another.

*Complaint—Answer—Verification.*

Where a plaintiff filed his complaint in an action at the appearance term with a verification substantially in the form prescribed by C. C. P. § 117, and the defendant filed an answer thereto without such verification ; *Held,* that the plaintiff on motion was entitled to judgment, as for want of an answer.

MOTION for judgment for want of an answer, heard at

Spring Term, 1878, of FORSYTHE Superior Court, before *Buxton, J.*

The plaintiff filed his complaint at the appearance term with a verification in the following words : J. W. Alspaugh being duly sworn, says, that the facts set forth in the foregoing complaint of his own knowledge are true, except as to those matters stated upon information and belief, and as to those matters, he believes it to be true. (Signed)   J. W. Alspaugh.   Sworn to and subscribed before me, this 15th day of May, 1878.   (Signed)   C. S. Hauser, C. S. C.

The defendants filed separate unverified answers.   At the close of the term, the plaintiff demanded judgment upon his complaint, as for want of an answer,which was refused by the Court, on the ground of the insufficiency of the plaintiff's affidavit, and he appealed.

*Mr. J. C. Buxton,* for plaintiff.
*Mr. A. W. Tourgee,* for defendants.

SMITH, C. J.  (After stating the case as above.)   The only question before us is as to the form of the verification to the complaint, and its compliance with the requirements of the Code :—The complaint shall contain a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition, and each material allegation shall be distinctly numbered.   C. C. P., § 93(2).   The verification must be to the effect that the same (the pleading) is true to the knowledge of the person making it, except as to those matters stated on information and belief, and as to those matters, he believes it to be true.   *Ibid.*   § 117.

These seem to be the only provisions of the Code applicable to the subject.   The plaintiff swears that the facts set out in his complaint, except, &c., are true, that is, that they are truly stated,—an expression equivalent to an averment of the truth of the complaint itself.   We do not concur with

the defendants' counsel in his criticism put upon the words of the statute, and in the distinction he drew between a statement of facts and the facts themselves. The argument was that facts are truths, and that to say a fact is true, is but asserting that truth is true—a meaningless proposition. The form of the verification in our opinion admits no such absurd interpretation of its words, and their fair and reasonable meaning is that the facts, as stated, are correctly and truly stated; and this is all the Code requires. Besides, the Code is not rigid in exacting strict compliance with its very words. It prescribes the oath and gives the formula for it, but other words, substantially the same, will do. The Code only requires that they should "be to the same effect." We have been referred to no adjudication, and we presume none can be found to sustain the defendants' exception to the form of expression used in this case. In our opinion the complaint was properly verified, and the plaintiff was entitled to judgment according to his complaint. As it is, final judgment will be rendered here as it ought to have been rendered in the Court below.

PER CURIAM.                    Judgment accordingly.