JOHN J. GRIFFIN et al. v. THE ASHEVILLE LIGHT COMPANY,

*Pleading— Verification of Agent or Attorney—Practice—Discretion of Judge.*

1. The pleading of a non-resident may be verified by an agent or attorney—(1) when the action is upon a written instrument for the payment of money only, and the instrument is in the possession of such agent or attorney; (2) when all the material allegations are within the personal knowledge of such agent or attorney.

2. The averment of the possession of the note sued on is allegation of "knowledge or grounds of belief," for, nothing else appearing, such note, when put in evidence, would entitle the plaintiff to judgment.

3. The object of the verification is, that if the defendant does not deny the allegations, the cause shall stand as if the jury had been empaneled, and the allegations put in proof without denial, the purpose being to avoid the delay of trial upon uncontroverted points.

4. It was error to refuse the plaintiffs judgment upon failure of defendants to put in a verified answer to such complaint, unless, for good cause shown, the defendants were entitled to an extension of time for answer.

5. Such refusal was the denial of a substantial right and at once appealable before final judgment.

6. Final judgment may be entered in this Court now; but since the case goes back it will be in the discretion of the Judge to allow the answer to be verified.

CIVIL ACTION, heard at August Term, 1892, of BUNCOMBE Superior Court before *Bynum, J.*

The plaintiffs filed their complaint on August 17, 1892, verified as appears in the record :

1. That the defendant, The Asheville Light and Power Company, is a corporation duly chartered and existing under and by virtue of the laws of the State of North Carolina.

2. That upon the 15th day of December, 1891, the defendant, The Asheville Light and Power Company, made its promissory note in writing dated on that day, and thereby promised to pay to the order of the plaintiffs the sum of $271.50 two months after date.

3. That the defendant J. G. Martin endorsed said note when the same was delivered to the plaintiffs.

4. The said note at maturity was duly presented for payment and was not paid, and the same was then and there protested for non-payment, whereby the plaintiffs were put to the cost of $2.06 protest fees.

5. That no part of said note has ever been paid.

Wherefore, the plaintiffs demand judgment against the defendants for the sum of $271.50, with interest on the same from February 15, 1892, together with $2.06 protest fees, and the costs of this action, to be taxed by the Clerk of the Court.

Duff Merrick, being first duly sworn, deposes and says: "That he is of counsel for the plaintiffs and makes this affidavit in their behalf for the reason that said plaintiffs reside in Philadelphia, Pa., and there is not now time for this complaint to be forwarded to them for verification and be returned in time to be filed within the first three days of this term, and for the further reason that this action is founded upon a written instrument, money only, which said written instrument is in affiant's possession ; that affiant has read the foregoing complaint and knows the contents thereof; that the same is true of his own knowledge, except it be as to mat-

ters therein stated on information and belief, and as to those matters he believes it to be true."

On the last day of the term, and as the Court was about to adjourn, plaintiffs moved for a judgment for that the complaint was verified, and no answer had been filed. The defendant then filed the answer which is in the record. Plaintiffs still insisted that they were entitled to judgment in that the answer was not verified.

The Court refused the motion in judgment for that, as held by the Court, the complaint was not verified according to the statute. The plaintiff objected to the holding of the Court, and excepted thereto, and appealed.

*Mr. Charles A. Moore*, for plaintiffs.

*Messrs. Theo. F. Davidson* and *Thomas A. Jones*, for defendant.

CLARK, J.: Whenever the party is a non-resident of the county, the pleading may be verified by an agent or attorney in two cases, first, when the action is upon a written instrument for the payment of money only, and the instrument is in possession of the agent or attorney; second, when all the material allegations of the pleadings are within the personal knowledge of the agent or attorney. *The Code*, § 258; *Hammerslaugh* v. *Farrior*, 95 N. C., 135.

The affidavit here could be made by the attorney, since the party he represented was a non-resident, and the action was upon a written instrument for the payment of money only, and was in the possession of the attorney, The only question remaining is whether the verification is in itself defective, though made, as we have seen, by one authorized to make it. It follows the statute in averring the complaint to be true of affiant's own knowledge, except as to matters stated on information and belief, and those he believes to be true, and also in setting out the non-residence of the plaintiff, and that the

action is on a written instrument for the payment of money and in his possession, as reasons why the affidavit is not made by the party himself. But it is urged that the verification is defective in not stating, as required by section 258 of *The Code*, "the knowledge or grounds of his belief on the subject," and that it was not a sufficient compliance with this requirement to set out that the written instrument sued on was in the possession of the attorney, since that, though sufficient to authorize the attorney to make the verification, does not show his "knowledge or ground of belief on the subject." It seems to us that the objection is hypercritical. The verification need not set out matters merely evidential. The object of the verification is that if the defendant does not deny the allegations of the complaint, the cause shall stand as if a jury had been empaneled and the allegations in the complaint had been put in proof without denial, or admitted. The purpose is to avoid the expense and delay of a jury trial when there is no controverted fact to be passed upon. With the jury empaneled and the note described in the complaint put in evidence, nothing else appearing, the plaintiff would not be entitled to judgment. The averment, therefore, of the possession of the note sued on (no payments being endorsed thereon) is allegation of the "knowledge or ground of belief" of the matters in the complaint material to be shown by the plaintiff. It is true there is in the complaint a negative allegation that no part of said note has ever been paid. But if any payment has been made which is not credited on the note, that is a matter of defence. The averment of non-payment of any part is only necessary to show the amount due on the instrument which is sued on. There is also an averment of the incorporation of the defendant company. But it has been held that this is an unnecessary averment, and, if disputed, it must be raised by answer or plea. *Stanly* v. *Railroad*, 89 N. C., 331; *Ramsey* v. *Railroad*, 91 N. C., 418; *State* v. *Shaw*, 92 N. C., 768; *State* v. *Grant*, 104 N. C., 908. Indeed, the

signing of the note in affiant's possession is estoppel evidence of the allegation of its incorporation. *Ryan* v. *Martin*, 91 N. C., 464. The verification having been sufficient, it was error to refuse the plaintiff judgment because an unverified answer was filed. *The Code,* §§ 257 and 385; *Alspaugh* v. *Winstead*, 79 N. C., 526; *Alford* v. *McCormac*, 90 N. C., 151. It is true the Court might in its discretion have extended the time for the defendant to file its answer so as to give opportunity, if desired, to verify it (*The Code,* § 274; *Banks* v. *Manufacturing Co.*, 108 N. C., 282), and the exercise of this discretion is not reviewable (*Austin* v. *Clarke*, 70 N. C., 458; *Gilchrist* v. *Kitchen*, 86 N. C., 20; *Mallard* v. *Patterson*, 108 N. C., 255) though such extension of time is a practice not to be encouraged. *Dempsey* v. *Rhodes*, 93 N. C., 120. But in the present case that discretion was not exercised. Why it was not asked does not appear, unless, as is probable, the defendant could not verify a denial of plaintiff's allegations in a plain action on a note in his possession.

The refusal of a judgment by default final upon a verified complaint for a sum certain, there being no extension of time to file answer, was a denial of a substantial right which the plaintiff might lose if the order is not reviewed before final judgment, and therefore an appeal lay. *The Code,* § 548. Indeed, final judgment might now be entered here, as was done in *Alspaugh* v. *Winstead, supra; The Code,* § 957.

Since, however, the case goes back, it will be in the discretion of the Judge below to permit a verified answer to be filed. *The Code,* § 274. Whether he will permit this should largely depend upon whether the defendants can satisfy him that they have a meritorious defence, for it is unquestionably true that " a delay of justice is often a denial of justice."

Error.