M. H. CURRAN v. F. W. KERCHNER.

*Practice—Complaint Containing Two Causes of Action, One Denied, the Other Not—Judgment by Default.*

Where the complaint in an action on two notes set out each note as a separate cause of action and the defendant answered as to one only, it was error to refuse judgment on the note to which no defence was interposed and from such refusal, being a denial of a substantial right, an appeal was properly taken. In such case, judgment should have been given on the one note and the cause continued as to the other.

CIVIL ACTION, heard at September Term, 1895, of NEW HANOVER Superior Court, before *Greene, J.*, on a motion for judgment by default final for want of answer to the first of two causes of action arising on two notes set out in the complaint, an answer having been filed to the second cause of action. The motion was refused and the plaintiff appealed. The facts are sufficiently stated in the opinion of Associate Justice FURCHES.

*Mr. W. R. Allen*, for plaintiff (appellant).
No counsel, *contra*.

FURCHES, J. : This is an action to recover money, brought on two notes, one for two thousand dollars and the other

for five thousand dollars—each note set out and alleged as different causes of action—first cause and second cause of action.

This action was returnable to September term, 1895, of New Hanover Superior Court, at which term the plaintiff filed a verified complaint, and defendant answered as to the $5,000 note set out as the second cause of action but made no answer whatever to the $2,000 note set out as the first cause of action.

Upon this state of pleadings plaintiff moved for judgment on the $2,000 note and the court denied this motion and refused to grant the judgment as asked. In this there was error. Sections 382 and 385 of *The Code.*

There being no answer as to the $2,000 note the court should have given the plaintiff judgment on this note and retained the $5,000 note for trial upon the issues raised by the pleadings. *Parker v. Bledsoe*, 87 N. C., 221. This refusal to allow plaintiff's motion and to give judgment on the $2,000 note was the denial of a substantial right and may be appealed from and reviewed by this Court. *Griffin v. Light Co.*, 111 N. C., 434.

There is Error.