E. H. KRUGER v. BANK OF COMMERCE OF BUFFALO, N. Y.

(Decided October 18, 1898).

### *Practice—Corporation—Attachment.*

1. When there is a verified complaint filed, and there is no answer or demurrer, the plaintiff is entitled to judgment (unless time is granted defendant to answer or demur) and from a refusal of judgment an appeal lies.

2. When a non-resident corporation owns real estate in this State, an attachment levied thereon will not be discharged by reason of the appointment of a receiver and order of dissolution by the Courts of the home State of the corporation.

3. Such appointment has no extra territorial effect, and title to real estate here cannot be divested to the prejudice of creditors by such order of dissolution.

THIS WAS a civil action heard before *Norwood, J.,* at Spring Term, 1898, of the Superior Court of DARE County.

The plaintiff moved for judgment upon his verified complaint, filed on the first day of the Term. The defendant did not appear, and was not represented by any one, and upon the last call of the appearance docket, as the Court had finished its other business and was ready to adjourn the plaintiff moved for judgment upon said complaint.

Motion denied, and plaintiff excepted.

The plaintiff then moved for judgment by default and inquiry. Motion denied, and plaintiff excepted.

Messrs. Pruden & Pruden appeared specially and asked to introduce affidavit of John R. Hazel and H. H. Persons, showing that they were Receivers of the defendant, and that the corporation was dissolved, and moved that the action be dismissed. Plaintiff objected. Objection overruled, and plaintiff excepted.

Messrs. Pruden & Pruden then offered their affidavit, and upon request of plaintiff, he was allowed time to answer the same.

Plaintiff appealed to the Supreme Court from the ruling of his Honor refusing judgments upon his motions, as set out.

*Messrs. E. F. Aydlett* and *F. H. Busbee,* for plaintiff (appellant).

*Messrs. Shepherd & Busbee* and *Pruden & Pruden,* for appellee.

CLARK, J.: The complaint was for an unliquidated account and duly verified. No answer having been filed, the plaintiff was entitled to judgment by default and inquiry (*Code,* Section 386) and from its refusal an appeal lay. *Griffin* v. *Light Co.,* 111 N. C., 434; *Curran* v. *Kerchner,* 117 N. C., 264. If the defendant had appeared and asked for time to file answer, its allowance would have been in the unreviewable discretion of the Court. *Code,* Section 274; *Mallard* v. *Patterson,* 108 N. C., 255. Though such extension of time is a practice not to be encouraged. *Dempsey* v. *Rhodes,* 93 N. C., 120; *Griffin* v. *Light Co., supra.* But there was no appearance, and the affidavit of one claiming to be one of the receivers for the defendant corporation, appointed by the Court in New York, averring their appointment was entitled to no consideration, as he did not come in and make himself a party to the action. The affidavit is not even accompanied by a certified copy of the alleged judgment of dissolution and appointment of receivers. It was in no sense an answer, and the plaintiff is entitled to have judgment by default and

123—2

inquiry entered here, as was done in *Alspaugh* v. *Winstead,* 79 N. C , 526; *Code,* Section 957.

Had the foreign receiver come in and made himself a party to the action and put his affidavit in the form of a verified answer, it would not have defeated the plaintiff's right to judgment, for it did not negative the plaintiff's grounds of recovery but set up the appointment of receivers for the defendant corporation at its residence in New York. The Court here having acquired jurisdiction by the levy of the attachment upon the defendant's realty in this State, the plaintiff's lien cannot be divested by the appointment of receivers in another State. *Mosely* v. *Burroughs,* 52 Texas, 396. The appointment of receivers in the State of defendant's residence has no extra territorial effect (*Boothe* v. *Clark,* 17 Howard, U. S., 322, 338) though the Courts of other States as a matter of comity may permit such receivers to bring actions in their courts where this will not militate to the injury of their own citizens. 6 Thompson Corp., Section 7334, 7344; *Hunt* v. *Columbian Ins. Co.,* 55 Me., 290; Beach on Receivers, Section 685. In *Ins. Co.* v. *Bank,* 68 Ill., 348, it is said: "Where real estate in one State belonging to a corporation which has its chief place of business in another State is attached in the courts of the State where the land lies, a decree of the court of the home State of the corporation appointing a receiver and restraining it from further transacting business affords no ground for quashing a writ of attachment, as the corporation is liable to suit in the State where the property is situated to subject it to the demands of creditors." The decree in New York declaring insolvency and appointing receivers has no effect upon the title to real property in another State. 6 Thompson, *supra,* Section 7343 and cases there cited.

If titles could be affected by decisions of the Courts of another State, of what avail would be our registration laws?

This sums up the doctrine as almost universally recognized (*Day* v. *Telegraph Co.*, 66 Md., 354) and especially is this so in States like ours, in which by statute the existence of corporations is continued for the benefit of creditors and winding up affairs, for a prescribed time (*Code*, Section 667) after the charter has expired or been declared forfeited. *Life Asso.* v. *Fossett*, 102 Ill., 315.

Error.