W. H. PHIFER, Administrator of Hattie M. Vonhurst, v. TRAVEL-
LERS INSURANCE CO.

(Decided December 13, 1898 )

### *Verification  of  Pleadings*

1. The verification must be to the effect, that the pleading is true to the
knowledge of the person making it, except as to those matters
stated on information and belief, and as to those matters he be-
lieves it to be true.    *The Code,* Sec. 258.

2. A verification to a complaint which says: "W. H. Phifer makes oath
that the facts stated in this complaint of his own knowledge are
true, and those stated on information and belief, he believes to be
true" does not conform to the requirement of the law, so as to re-
quire a verified answer.

THIS IS THE SAME CASE, between the same parties de-
cided at the present Term, adjudging the insufficiency of
the verification of the answer.    The point is now pre-
sented for the decision of the Court as to the sufficiency
of the verification of the complaint so as to require a
verified answer.

The facts are presented in the opinion.

The same counsel appear for the parties.

DOUGLAS, J., delivers the opinion.   FURCHES, J., dissents.

DOUGLAS, J.:   This is an appeal from the judgment rendered in the above entitled action, which is the same original action in which the motion was made to set aside the judgment for excusable neglect under Section 274 of *The Code.*   In this appeal two errors are assigned :   1. That the complaint was not properly verified, and that therefore the answer required no verification.   2. That the judgment if at all regular, should have been by default and inquiry, and not by default final.

Under our view of the law, it is not necessary to consider the second exception or the facts relating thereto.

The complaint and answer both appear to have been filed in time, so that the only questions before us arise upon their verification.   The answer was verified by an agent of the defendant corporation, but it is admitted that this is not a proper verification under Section 258 of *The Code.*   It must therefore be treated as an unverified answer, and, if the complaint had been properly verified, the plaintiff would have been entitled to judgment by default as for want of an answer.   An unverified answer is equivalent to no answer at all, where verification is required.   This therefore reduces this case to the single point as to whether the complaint was itself properly verified, so as to require a verified answer. The verification to the complaint is as follows: "W. H. Phifer makes oath that the facts stated in this complaint of his own knowledge are true, and those stated on information and belief he believes to be true."   Section 258 of *The Code* requires that, "The verification

must be to the effect that the same is true to the knowl-
edge of the person making it, except as to those matters
stated on information and belief, and as to those matters
he believes it to be true." Section 257 provides that,
"When any pleading is verified, every subsequent plead-
ing, except a demurrer, must be verified also." Where
there is no verification to the complaint none is required
to the answer. The object of the statute is to give the
pleader a convenient substitute for the old bill of dis-
covery in equity, and to eliminate all issues of fact that
the parties are not willing to support by the sanctity of
an oath. All allegations in the complaint, not specifi-
cally denied in the answer, are deemed to be admitted ;
but where the defendant is not under oath, he frequent-
ly looks upon his answer as being equivalent to a plea
of the general issue, and feels at liberty to deny any
and all of the allegations of the complaint, regardless
of any knowledge or belief he may have as to their
truth. The plaintiff may, at his option, verify his com-
plaint so as to require the defendant to answer each and
every allegation under oath, subject to the penalties of
perjury. But to do this, his own verification must be
directly applicable to each allegation, so as to render
him also subject to the same penalties if false. All facts
alleged by him in good faith necessarily come under one
of two classes. They are either known to him of his
own personal knowledge, or they rest upon sufficient in-
formation to justify a positive belief. The law requires
that his verification shall separate them into their ap-
propriate classes, so that each may come under the di-
rect application of his oath. In the usual complaint,
the majority of the allegations are simply stated without
specifying how they are known to the pleader. It
would therefore be difficult to convict of wilful perjury

in any case, if they were simply sworn to as being true.
To remedy this, *The Code* says he must swear that the
pleading itself in is entirety its true *to his own knowledge*,
except as to those matters stated on information and be-
lief   He may believe an allegation to be true without
knowing it, but he always knows whether or not it is
true of his own knowledge.  ' This distinction is required
by the statute, and is reasonable and necessary for the
protection of the opposing party.

If the verification under consideration is in effect
equivalent to the statute, then it is sufficient; but other-
wise it must be rejected, and the pleading considered
as an unverified complaint, admitting an unverified
answer.

This verification says : "that the facts stated in this
complaint of his own knowledge are true, and that those
stated on information and belief he believes to be true."
It seems clear to us that the words "of his own knowl-
edge" relate to and qualify the word "stated."   In
other words he makes oath that the facts which he
states in the complaint are true of his own knowledge,
are true; while those he states are true as he is informed
and believes, he believes to be true.   This excludes those
allegations which are not verified in the complaint eith-
er as resting on personal knowledge or on information
and belief.   This class of allegations comprise nearly
the entire complaint, which therefore cannot be regard-
ed as verified according to the letter or spirit of the law.
Any immaterial variation in the mere words, which
would not affect the legal effect of the verification,
would be disregarded by us; but here its very intention
is defeated.   Even if there was only a reasonable doubt
as to the meaning of this verification, this mere doubt
would destroy the certainty required in a conviction for

MORRISON *v.* RAILWAY CO.

perjury, and suggest the danger of permitting such a variation from the statutory form, which itself admits of no doubt.

We do not think that the form of verification now under consideration has ever been directly considered and passed upon by this Court. In the case of *Alspaugh* v. *Winstead*, 79 N. C., 526, the verification was similar to this with the exception that the word "except" takes the place of the conjunctive "and" used in the case at bar, which might be a material variation; but in that case, the only point apparently raised was an attempted distinction "between a statement of facts and the facts themselves."

As we are compelled to hold that the complaint was not properly verified, the answer must be considered and the judgment stricken out.

Reversed.

FURCHES, J.: I do not concur in this opinion.