## W. A. COLE v. D. L. BOYD, R. G. A. LOVE.

(Decided December 19, 1899.)

*Verification of Complaint—Judgment Final—Judgment by Default and Inquiry—Code, Sec. 258.*

1. Where a properly verified complaint would entitle a plaintiff to judgment final, for want of an answer: if the complaint is not properly verified, the judgment should be by default and inquiry.

2. A verification to complaint, "that the facts therein stated of his own knowledge are true, and that those matters stated on information and belief he believes to be true," is not a substantial compliance with the requirement of The Code, sec. 258, which requires that "the verification must be to the effect that the same is true to the knowledge of the person making it, except as to those matters stated on information and belief, and as to those matters he believes it to be true." *Phifer v. Insurance Co.*, 123 N. C., 410.

ACTION FOR DEBT, with attachment proceeding, heard before *Coble, J.,* at HAYWOOD Superior Court, Fall Term, 1899, and judgment final on the complaint for want of answer, to which defendants excepted and appealed. Exceptions are stated in the opinion.

*Mr. G. S. Ferguson,* for appellants.
*Messrs. Moody & Welch,* for appellees.

DOUGLAS, J. This is a civil action in the nature of debt, begun by attachment. The complaint was filed in the Superior Court on the 12th day of September, 1898, during the fall term of said court. No answer nor other pleading was filed by the defendants during said term. At Spring Term, 1899, the defendants demurred to the complaint,

whereupon an amended complaint was filed by order of the Court. No answer was filed at this term, nor within the time allowed thereafter, and at Fall Term, 1899, the Court refused to allow the defendants to file an answer, and rendered a final judgment for the plaintiff. The defendants excepted and appealed, assigning the following grounds:

"1. For that the facts stated in the complaint do not constitute a cause of action against the defendants.

"2. For that the judgment is for default final, and should only be for default and inquiry for the want of a verified complaint, the purported verification not being as the law requires."

The verification is as follows: "W. A. Cole, plaintiff, being duly sworn, says, that he has heard read the foregoing complaint, and knows the contents thereof, and that the facts therein stated of his own knowledge are true, and that those matters stated on information and belief he believes to be true."

We can not agree with the defendants in their first exception, but we are compelled to do so regarding their second exception. The verification of the complaint is substantially similar to that which this Court held insufficient in *Phifer v. Ins. Co.*, 123 N. C., 410. It is useless to repeat the argument in that case, but we would again call the attention of the profession to the provisions of The Code, and the necessity for a substantial compliance therewith. We do not wish to be understood as insisting upon a *literal* compliance. Such a requirement would be needless and unreasonable, and would be contrary to the spirit of our present system, which seeks to secure a fair and prompt determination of all actions upon their merits, without useless technicalities. Any form of words that is equivalent thereto will be sufficient. We may even go further and say that we would permit any form of

125——32

COLE *v.* BOYD.

verification that, taken in connection with the form of statement in the pleading, clearly distinguishes between personal knowledge and information so as to render the affiant legally responsible for the truth of every material allegation. But the object of verification is to verify. If it fails to do this, it is worse than useless. If a party wishes to bind his opponent with the obligations of a verified pleading, he must bind himself, and must so state every material allegation that it will not only rest under the moral sanctity of an oath, but that its falsity will fasten upon him the penalties of perjury. This, being the object of a verification, is the true test of its sufficiency. Sec. 258 of The Code requires that "the verification must be to the effect that the same is true to the knowledge of the person making it, except as to those matters stated on information and belief, and as to those matters he believes it to be true." While it is not necessary to follow the exact words of the statute, it is always safe to do so, and we would strongly advise such a course in preference to mere experimental practice, which is always dangerous. As the complaint was not properly verified, that is, in contemplation of law not verified at all, the plaintiff is not entitled to a final judgment. This judgment will therefore be stricken out in the court below, and judgment by default and inquiry entered in lieu thereof.

Error.

FAIRCLOTH, C. J., dissents, citing *Alspaugh v. Winstead,* 79 N. C., 526; Eaton's Forms, 588.