### H. D. PAYNE v. D. L. BOYD, M. HENRY.

(Decided December 19, 1899.)

*Insufficient Verification—The Code, Sec. 258.*

A verification to complaint to be effectual must substantially accord
with The Code, sec. 258. *Cole v. Boyd,* at present term.

ACTION FOR DEBT, with attachment proceeding, heard
before *Coble, J.,* at HAYWOOD Superior Court, Fall Term,
1899, and judgment final on the complaint for want of
answer; to which defendants excepted and appealed.

Exceptions are stated in opinion.

*Mr. G. S. Ferguson,* for appellants.
*Messrs. Moody & Welch,* for appellee.

DOUGLAS, J. This is a civil action, the material facts of
which are sufficiently stated in the judgment, which is as fol-
lows:

The above cause coming on to be heard at this the Fall
Term, 1899, of Haywood County Superior Court, before Hon.
A. L. Coble, Judge of the Third Judicial District, presiding
and holding the courts in the Twelfth Judicial District, and
being fully heard upon the pleadings, record and orders here-
tofore made in the cause, and it appearing to the satisfaction
of the Court that summons in the above cause was duly
served upon the defendant D. L. Boyd on May 10, 1898, and
that a warrant of attachment was regularly issued from the
Superior Court of Haywood County in the above cause, and
levied upon certain lumber in the possession of the defend-
ants, which is fully described in the affidavit filed to obtain
said warrant of attachment, and the defendants, on May 12,

1898, filed an undertaking as required by statute with R. G. A. Love and W. N. Cooper as sureties, conditioned that the defendants would pay the plaintiff whatever judgment the plaintiff recovered of the defendants in this action; and it further appearing to the satisfaction of the Court that the plaintiff filed his verified complaint in the above cause at Fall Term, 1898, of said Superior Court, alleging that the defendants were indebted to the plaintiff in the sum of $544.45, with interest thereon from May 11, 1898, and that at Spring Term, 1899, the plaintiff by order of Court filed his amended complaint alleging said indebtedness and specifically setting out the contract and agreement upon which said indebtedness arose, and the defendants having failed to answer said amended complaint, which was a verified complaint, within the time required by the orders of this Court, and it appearing to the satisfaction of the Court from said verified complaint, that the defendants are indebted to the plaintiff in the sum of $544.45, with interest thereon from May 11, 1898, until paid: It is now, upon motion of W. B. and H. R. Ferguson, and Moody & Welch, attorneys for the plaintiff, considered, adjudged and decreed by the Court that the plaintiff have and recover of the defendants and R. G. A. Love and W. N. Cooper, their sureties on said undertaking in attachment, the sum of $544.45, with interest thereon from May 11, 1898, until paid, together with the costs of this action to be taxed by the Clerk.

Defendants object and except to the above judgment, on the following grounds:

1. For that the facts stated in complaint do not constitute a cause of action against the defendants.

2. For that the complaint shows upon its face that the contract set out as an exhibit in the complaint was for the performance of certain of entire contract, and it is not alleged

in complaint that plaintiff performed their part of the contract, and that they are ready, willing and able to do so, and that he does not allege that he has been prevented from complying with his contract by any default of the defendants; and for the further reason that the contract shows on its face that the lumber to be delivered at the Waynesville depot was in different classes, at different prices, and that the complaint does not show that the plaintiff delivered any specified amount of lumber at any agreed price, and that upon such complaint judgment final can not be entered by default.

3. For that the complaint is not verified as required by statute.

The objection and exceptions were overruled by the Court, and judgment signed, and the defendants excepted and appealed to Supreme Court. Notice of appeal waived. Appeal bond fixed at $425.00.

Bond to stay execution fixed at $500.00.

And it is agreed by counsel for plaintiff and defendants that the record in the cause, orders heretofore made, judgment and exceptions above stated shall constitute the case on appeal.

We do not think that the defendants' first exception can be sustained. While we think it doubtful whether the complaint, even if properly verified, would have justified more than a judgment by default and inquiry, we are satisfied that the verification is not sufficient to sustain a final judgment. The verification is as follows: "H. D. Payne, plaintiff in this action, being duly sworn, says, that he has heard read the foregoing amended complaint, and that he knows the contents of the same, and that the facts therein stated of his own knowledge are true, and those matters stated on information he believes to be true."

This is substantially the form of verification which this

Court has held to be insufficient in *Phifer v. Insurance Co.,* 123 N. C., 410, and *Cole v. Boyd,* at this term. The opinions of the Court in those cases determine its judgment in the case at bar. We deem it necessary to adhere to the reasonable enforcement of this rule in the interest of substantial justice. In the present case it does not appear to work any hardship, and in all cases the party can appeal to the discretionary power of amendment lodged in the Court, which we doubt not will be exercised upon all proper occasions. The judgment final will be stricken out in the court below and judgment by default and inquiry entered in lieu thereof.

Error.   Reversed.

FAIRCLOTH, C. J., dissents, citing *Alspaugh v. Winstead,* 79 N. C., 526; Eaton's Forms, 588.