HENRY H. PERSON, JOHN R. HAZELL, Receivers of the Bank of Commerce, in Buffalo, N. Y., v. S. S. LEARY, *et al.*

(Decided May 15, 1900.)

*Receivers—Evidence of Appointment—Matter of Record— Appointment by Foreign Court, Reappointment Here.*

1. The appointment of receivers is matter of record, and should be shown by the record.

2. The plaintiffs suing as receivers of the Bank of Commerce in Buffalo, N. Y., allegation not being admitted in the answer, were put upon proof, and the only proof that could be made is a certified copy of the order of dissolution and of their appointment as receivers.

3. Their failure to produce the certified copy was a defect of proof below, which can not be supplied, after appeal, by amendment under sec. 965, of The Code.

4. *Semble.* Foreign receivers, like foreign administrators, should apply for appointment here, previous to suit.

CIVIL ACTION in nature of trespass, heard before *Starbuck, J.,* at September Term, 1899, of TYRRELL Superior Court, upon a motion to continue a restraining order heretofore granted until final hearing. His Honor allowed the motion, and defendants excepted and appealed.

Among other exceptions, the defendants excepted: That plaintiffs have failed to show that they are receivers of the Bank of Commerce in Buffalo, N. Y., by any proper evidence, that is, by record evidence.

*Mr. F. H. Busbee,* for appellants.

*Messrs. Busbee & Busbee,* and *Shepherd & Shepherd,* for appellees.

CLARK, J. The defendants except to the continuance of the restraining order to the hearing upon several grounds, among them:

"2. The plaintiffs have failed to make out a *prima facie* case in that they have failed to show any title, having failed to show that they are receivers of the Bank of Commerce in Buffalo, New York, by any proper evidence."

"3. That if they are receivers, it is a matter of record and should be shown by the record."

"8. That the receivers, even if their appointment had been shown, have no permission to prosecute this action in the courts of North Carolina; that they have never qualified as receivers in North Carolina, and have no interest in the property in controversy."

These same plaintiffs attempted to prevent a judgment being taken in *Kruger v. Bank,* 123 N. C., 16, and the Court then said that their affidavit, averring their appointment as receivers by the Court in New York, was "entitled to no consideration" as they were not parties to the action, and "the affidavit is not even accompanied by a certified copy of the alleged judgment of dissolution and appointment of receivers."

That they are plaintiffs now does not give them rights as receivers of the bank unless, as a matter of law, they are authorized to bring this action as such receivers. Their alleged appointment as receivers is denied by the answer. The only proof that could be made is a certified copy of the order of dissolution and appointment of receivers. That not having been filed, the Court could not recognize their authority to bring this action and invoke the equitable jurisdiction of the Court. Upon the record, the Bank of Buffalo is the party in interest, and in the absence of a certified copy of the decree dissolving the corporation and appointing Person & Hazell receivers, they have no standing in court, and have not made out a *prima facie* case entitling them to any relief.

After the decision of this Court, above cited, it is singular

that the plaintiff should not have produced a certified copy of the decree of the court under which they claim to be receivers; for, in the absence of it, they are simply individuals suing in their own names, and as such showing no equity to a restraining order against the defendants.

After argument here, the plaintiffs offered a certified record of their appointment as receivers, and asked to amend under The Code, sec. 965. In its discretion, this Court can in proper cases permit amendments, but this is a defect of proof in making out a *prima facie* case, and can not be cured by offering, after appeal, and argument thereon in this Court, the omitted evidence which might have entitled the plaintiffs to maintain the action. If offered below, there would be opportunity to controvert it, its purport, or showing a later decree. None of these things can be done here, as this is an appellate court.

When the case goes back, they can again move for a restraining order, if so advised, upon proper evidence to justify it.

This renders it unnecessary to pass upon the 8th exception, as well as the other exceptions in the record, not recited above. But an administrator appointed in another State can not maintain an action in this State. Administration must be taken out here. *Morefield v. Harris, at this term.* If there are any reasons why receivers should not in like manner be appointed in this State to take charge of property in this State belonging to a deceased corporation, at most, the authority of such foreign receivers to proceed to enforce their claim in our courts is a matter of comity, as was said in *Kruger v. Bank, supra,* and hence should probably not be exercised without leave of the Court. The better rule is to have receivers appointed here.

The plaintiffs having pleaded their appointment as receivers, it is not a case for dismissal of the action, but a defect in the proof which would entitle them to the relief sought; and the absence of leave to sue was waived by not insisting on it below. The restraining order was improvidently granted.

Error.