LOUISA BEST (*nec* Dunn), NANCY CROOM and Husband, WILLIAM CROOM v. ELIZABETH LANCASTER, REDDING LANCASTER and JOHN W. DUNN.

(Decided May 22, 1900.)

*Partition Proceeding—Motion to Remand to the Clerk— Motion for Judgment for Insufficient Verification of Answer—Counter Motion to Amend Verification—Premature Appeal.*

1. An appeal from the ruling of the Court refusing to remand the case to the clerk and allowing the verification to the answer to be amended, is premature. The plaintiff should have had his exception entered.

2. DOUGLAS, J., concurring: It is not intended to limit in any degree, even by disapproval, the power of the Court below to allow amended verifications in the interest of substantial justice.

PETITION in the cause to set aside decree and report of commissioners for mistake and for re-division of land, transferred to civil issue docket, and heard before *Moore, J.,* upon motions in the cause at May Term, 1899, of WILSON Superior Court.

The plaintiffs moved to remand to the clerk, motion disallowed. Plaintiffs excepted. Plaintiffs moved for judgment for insufficient verification of answer, motion disallowed, being met by counter motion to amend the verification of answer on part of defendant.

Plaintiffs excepted and appealed.

*Messrs. Deans & Cantwell,* for appellants.
*Mr. J. E. Woodard,* for appellee.

CLARK, J. This was a proceeding to correct a mistake in a partition under The Code, sec. 1918, and was transferred

by the clerk to the civil issue docket upon issue joined. In the Superior Court a motion by the plaintiff to remand to the clerk, without trial of the issue, was denied. A motion for judgment on the ground of insufficient verification of the answer, was met by a counter motion to permit a new verification, which was allowed. Thereupon the plaintiff appealed.

The appeal is premature. The plaintiff should have had his exceptions noted in the record, and on the appeal from the final judgment the rulings excepted to would have come up for review. There is no judgment to appeal from, but simply the refusal of a motion to remand and the allowance of a verification.

In *Kruger v. Bank,* 123 N. C., 16, there was no answer and no time allowed to file answer, or to demur, and the refusal of judgment under such circumstances was the denial of a substantial right given by sec. 386, of The Code. *Phifer v. Insurance Co.,* 123 N. C., 410, and *Cole v. Boyd,* 125 N. C., 496, held that the verification of the complaint being insufficient, a judgment by default final should be corrected into default and inquiry, but it was not held that the Court could not permit a proper verification. As was said by *Merrimon, J.,* in *Grant v. Reese,* 90 N. C., 3, "Slight attention to the decisions of the Court would prevent miscarriages like the present and facilitate the administration of justice."

Appeal dismissed.

Douglas, J., concurring. I merely wish to emphasize the fact that this Court did not intend by its decisions in *Phifer v. Insurance Co.,* 123 N. C., 410; *Cole v. Boyd,* 125 N. C., 496, and *Payne v. Boyd, Ibid,* 499, to limit in any degree, even by disapproval, the power of the court below to allow amended verifications in the interest of substantial justice. The object of those decisions was to compel a sufficient veri-

fication, so that a pleader who took advantage of the form of the statute would be equally bound by its substantial purpose. In *Cole v. Boyd,* the Court says: "But the object of verification is to verify. If it fails to do this, it is worse than useless. If a party wishes to bind his opponent with the obligations of a verified pleading, he must bind himself, and must so state every material allegation that it will not only rest under the moral sanctity of an oath, but that its falsity will fasten upon him the penalties of perjury. This, being the object of a verification, is the true test of its sufficiency." Again, the Court says in *Payne v. Boyd:* "We deem it necessary to adhere to the reasonable enforcement of this rule in the interest of substantial justice. In the present case, it does not appear to work any hardship, *and in all cases the party can appeal to the discretionary power of amendment lodged in the court,* which we doubt not will be exercised upon all proper occasions." Where the allowance of such an amendment tends to a fair trial of the case upon its merits, I think it is eminently proper that the Court should grant it, giving of course to the adverse party a reasonable opportunity to meet the amended pleadings.