## CANTWELL v. HERRING.

(October 23, 1900.)

*Verification—Amendment—Answer—Pleading.*

It is discretionary with the trial court to allow an amendment of a verification to an answer.

MONTGOMERY, J., dissenting.

CIVIL ACTION by W. L. Cantwell against Doane Herring, heard by Judge *J. W. Bowman*, at Spring Term, 1900, of WILSON Superior Court. From order permitting defendant to amend verification to his answer, plaintiff appealed.

*Deans & Cantwell* and *J. H. Pou*, for plaintiff.
*Fred A. Woodard*, for defendant.

DOUGLAS, J. This was a civil action based on a contract coming on to be heard upon the complaint and answer. The plaintiff moved for judgment upon the sworn complaint, alleging that the verification of the answer was insufficient. The Court held with the plaintiff that the verification of the answer was not sufficient, whereupon the defendant asked leave to amend such verification. Such leave was granted

127——6

over the objection of the plaintiff. On motion of the defendant, the Court then allowed an amended answer to be filed, the plaintiff again objecting. The plaintiff assigns as error (1) the refusal of his Honor to grant the motion of the plaintiff for judgment on the sworn complaint; (2) in allowing the defendant to amend his verification of the answer; (3) in allowing an amended answer to be filed. This presents the sole question whether the Court below acted within the limits of its lawful discretion in permitting an amendment of the verification to the answer over the objection of the plaintiff. We think it did. Sections 272-274, Code, give ample powers of amendment, and these provisions have uniformly been beneficially construed by this Court. In fact, in *Gilchrist v. Kitchen,* 86 N. C., 20, it is held that, independently of The Code, "the Superior Courts possess an inherent discretionary power to amend pleadings or allow them to be filed at any time, unless prohibited by some statute, or unless vested rights are interfered with." From the wording of The Code, as well as its essential reason, we must conclude that the power of amendment extends to the verification of pleadings. We can find no decision in our reports to the contrary. We are cited to several cases, but, so far from sustaining the contention of the plaintiff, they sustain the ruling of the Court below. In *Mallard v. Patterson,* 108 N. C., 255, an unverified answer was filed to a verified complaint, and, after the lapse of five years, the defendant asked to be allowed to verify this answer, or to file a new one properly verified. This Court says (on page 258, 108 N. C., page 94): "Clearly, he was not entitled to do so as of right. It was discretionary with the Court to allow or disallow his application, or grant the same with limitations. The Court allowed him to answer, alleging 'meritorious' defenses, but not to avail himself of the statute of limitations. This the

Court might do, and its exercise of .discretion in such respect is not reviewable in this Court." In *Griffin v. Light Co.,* 111 N. C., 434, the Court says: "The verification having been sufficient, it was error to refuse the plaintiff judgment because an unverified answer was filed. * * * It is true the Court might, in its discretion, have extended the time for the defendant to file its answer so as to give opportunity, if desired, to verify it, * * * and the exercise of this discretion is not reviewable. · * * * But in the present case that discretion was not exercised. Why it was not asked does not appear, unless, as is probable, the defendant could not verify a denial of the plaintiff's allegations in a plain action on a note in his possession." In *Curran v. Kerchner,* 117 N. C., 264, the verified complaint set out two notes—one for $5,000, and the other for $2,000. The defendant answered as to the first note, but was silent as to the second. The defendant did not ask to be allowed to amend his answer in any way, probably from his inability to verify a sufficient denial. Under such circumstances, the Court held that the plaintiff was entitled to judgment on the $2,000 note for want of answer. There was no question whatever as to the power of the Court below to grant leave to amend. *Skinner v. Terry,* 107 N. C., 106, refers entirely to setting aside a judgment for excusable neglect. The same question is raised in *Phifer v. Insurance Co.,* 123 N. C., 405. It there appears that at the January Term the defendant moved before Judge *Greene* for a continuance in order to amend its verification. This motion the Court refused, apparently in the simple exercise of its discretion, and gave judgment for the plaintiff. Afterwards, at the August Term, before Judge *Starbuck,* the defendant moved to set aside the judgment on the ground of mistake, surprise, or excusable neglect. The Court, as a matter of law, refused to grant the defendant's

motion, and it was this ruling that was sustained on appeal. Judge *Greene's* refusal to continue does not appear to have been under discussion.

Having thus considered the cases cited by the plaintiff, we now come to those relied upon by the defendant. In *Payne v. Boyd,* 125 N. C., 499, the Court says, on page 502, 125 N. C., page 632: "We deem it necessary to adhere to the reasonable enforcement of this rule in the interest of substantial justice. In the present case it does not appear to work any hardship, and in all cases the party can appeal to the discretionary power of amendment lodged in the Court, which we doubt not will be exercised upon all proper occasions." In *Best v. Dunn,* 126 N. C., 560, the Court says: "*Phifer v. Insurance Co.,* 123 N. C., 410, and *Cole v. Boyd,* 125 N. C., 496, held that, the verification of the complaint being insufficient, a judgment by default final should be corrected into default and inquiry, but it was not held that the Court could not permit a proper verification." The concurring opinion in this case says: "I merely wish to emphasize the fact that this Court did not intend, by its decisions in *Phifer v. Insurance Co.,* 123 N. C., 410; *Cole v. Boyd,* 125 N. C., 496, and *Payne v. Boyd,* 125 N. C., 499, to limit in any degree, even by disapproval, the power of the court below to allow amended verifications in the interest of substantial justice. The object of those decisions was to compel a sufficient verification, so that a pleader, who took advantage of the form of the statute, would be equally bound by its substantial purpose. * * * Where the allowance of such an amendment tends to a fair trial of the case upon its merits, I think it is eminently proper that the Court should grant it, giving, of course, to the adverse party a reasonable opportunity to meet the amended pleadings." The question as to whether the original verification to the answer was

BELL *v.* COMMISSIONERS.

really insufficient is not before us, and hence we express no opinion on that point. For the reasons above stated, the judgment of the court below is

Affirmed.

MONTGOMERY, J., dissents.