PERSON v. LEARY.

(October 30, 1900.)

1. *Receivers—Foreign—Proof of Appointment.*

When receivers of a foreign court make a  motion for a continuance of a restraining order, the fact of their appointment, if denied in the answer, in the absence of subsequent admissions, must be proved by a certified copy of their appointment.

2. *Receivers—Appointment—Admissions.*

Where affidavit filed subsequent to answer, admits appointment of plaintiffs as foreign receivers, it relieves them from proving their appointment.

REPORTED in 126 N. C., 504.   Petition to rehear granted.

*Pruden & Pruden,* and *Shepherd & Shepherd,* for petitioners.

*F. H. Busbee* and *E. F. Aydlett,* against petitioners.

DOUGLAS, J.   This is a rehearing of the case reported in 126 N. C., 504.   It has given us much trouble, because we are unwilling to overrule, or even materially modify, the essential principles governing the recognition of foreign receivers laid down in this case when here before.   This trouble might have been avoided if the plaintiffs had followed the suggestions rather pointedly given in *Kruger v. Bank,* 123 N. C., 16.   We have repeatedly recognized the right of foreign receivers, under the law of comity, to sue in this State. In *Insurance Co. v. Edwards,* 124 N. C., 116, 121, this Court says:   "At this stage of the case we must assume that the suit in Massachusetts was properly conducted, and we see no reason why the Courts of that State should not wind up the affairs of its own insolvent corporation.   Nor is there any objection to the receiver of a foreign Court suing in the Courts of this State.   What may be the result of that suit is a different matter, but he will be given a hearing."   However, in all such cases there is a preliminary question involving the legal existence of the receiver.   His right to sue necessarily depends upon his right to exist, and when this is denied he must prove his right by such evidence as the law requires. The legal identification of a stranger living beyond the jurisdiction of our Courts, and coming here only to enjoin the prosecution of a lawful business, is just as important as the identification of one presenting a bank check for payment. Whether or not the check overdraws the account is a matter of little importance, provided the holder has no right to present it, and of such right his own statement would scarcely be deemed conclusive proof.   We think that on a motion for a

continuation of the injunction, the plaintiffs should have proved their appointment as receivers by a certified transcript, if the fact had been seriously denied. It is true, the defendants, in their answer, say that they have not sufficient information to admit or deny the same; meaning, we presume, that they have no knowledge or information thereof sufficient to form a belief." This was in effect a statutory denial, and sufficient to put the plaintiffs to the proof of their allegation, provided the matter had there ended. But the principal defendant, in an affidavit subsequently filed by its president, Wirgman, practically admitted the appointment of the receivers, and this admission runs through several of the affidavits filed by the defendants. In his affidavit of August 15, 1899, verified three months after the verification of the answer, Wirgman uses the following language: "This affiant has had investigation made, and the receivers, Person and Hazell, have neither listed nor paid the taxes on the property described in the complaint since they were appointed receivers, of the bank." This admission is not inconsistent with the qualified denial in the answer. It may well be that Wirgman had no sufficient knowledge or information when he verified the answer, and yet on subsequent investigation was led to admit the appointment of the receivers—a fact susceptible of such easy proof. In two affidavits filed by the defendants, one Andrew Brown says: "Affiant is informed that the receivers took charge of the Bank of Commerce during December, 1896.". Again he says: "This affiant has had several interviews with one of the receivers of the Bank of Commerce since its failure, and there was nothing said to this affiant regarding the Tyrrell County lands, or the taxes upon the same; nor has any inquiry been made by the receivers of this affiant regarding the same." Again he says: "Deponent states that there was

not $163,000 unpaid paper, in which he was either directly or indirectly interested, in the Bank of Commerce at the time the receivers, Person and Hazell, took charge." Similar passages occur elsewhere. In view of these subsequent statements by the defendant and its witnesses, we think that the qualified denial of the answer was practiaclly superseded, and that the Court below properly treated the appointment of the receivers as in the nature of an admitted fact. We wish here to make a clear distinction, by limiting the operation of this opinion to the facts of the case. We mean to say that where a motion is made by the receivers of a foreign Court for the continuance to the final hearing of an injunction, or the issuing of an injunction upon a restraining order already granted, the fact of their appointment, if denied in the answer, and in the absence of subsequent admissions, must be proved by a certified copy of such appointment. We do not mean to say that such strict proof would be required upon an application for a restraining order before the case had been brought to issue, and where any delay might work irreparable injury to the applicant. Injunction, being equitable in its nature and origin, must be administered upon equitable principles, except in so far as it may come within some plain statutory provision. But the latter phase of the question is not now before us. Having been inadvertent to the subsequent admissions of the defendant, the petition of the plaintiff to rehear is granted, and the judgment below is affirmed.