## Case No. 4,723.
### FELLOWS et al. v. HALL et al.
[3 McLean, 487.][1]
Circuit Court, D. Michigan. Oct. Term, 1844.

Mr. Hand, for complainants.
Douglass & Walker, for defendants.

OPINION OF THE COURT. This is a creditor's bill. It was filed the 20th of August, 1842. On the 10th of October ensuing, a decree pro confesso was entered against the defendant Hall, and, on the 10th of November following, a decree pro confesso was made against both of the defendants. A judgment at law was entered against Hall before this bill was filed; but prior to this Hall had filed his petition for the benefit of the bankrupt act, to wit, on the —— day of July, 1842, and, on the 14th September ensuing, he was declared a bankrupt. On the 27th of December following, Hall was discharged. A motion is now made to set aside all the proceedings, for irregularity, since the 14th of September.

It is insisted. that after the decree in bankruptcy against Hall, no step in the suit could be taken, until the assignee of Hall was made a party; that the decree of bankruptcy abated the suit. In the 3d section of the bankrupt act [of 1841 (5 Stat. 443)] it is provided—"And all suits in law or equity then pending (at the time of the decree of bankruptcy) in which such bankrupt is a party, may be prosecuted and defended by such assignee to their final conclusion, in the same way and with the same effect, as they might have been by such bankrupt." Where, as in this case, the law devolves the interest in con-

[1] [Reported by Hon. John McLean, Circuit Justice.]

troversy on an assignee, he should be made a party to the proceedings. If this be not done, it would be difficult to etablish that the interests represented by the assignee are concluded by the decree. But, in this case, the bankruptcy should be brought before the court by a plea or answer. This not having been done, it is not clear that the court can consider the motion founded upon an affidavit merely. The plaintiffs have the right to show that the decree of bankruptcy was obtained through the fraud of the petitioner, which would render it invalid. This cannot be done regularly on a motion. The point should be brought before the court by the pleadings.

But there are other irregularities for which the decree must be set aside. The bill was filed the 22d of August, and the return day, by the 12th rule of the court, was the first Monday of October following, and the defendants had until the first Monday of November to plead, demur, or answer. No steps could be taken by the complainants until November; but they entered a decree pro confesso against the defendant Hall on the 10th of October, within ten days after the appearance day. This was in direct violation of rule 18th of this court. This proceeding was wholly irregular. Hall had no opportunity of being heard, as no time was given to him to answer. The default and decree pro confesso in November following were also irregular, as the former decree remained, which, of course, prevented the defendant from filing his answer.

The suit being still on the docket for further proceedings, the court order both decrees to be set aside, as having been irregularly entered, and leave is given to the defendant to plead or answer.