January Term,
1861.

EDWARDS vs. THE CITY OF JANESVILLE and others.

EDWARDS
v.
CITY OF JANES-
VILLE et al.

A judgment rendered by the circuit court upon the report of a referee, after a failure of the defendant to appear and answer, should not be set aside on the defendant's motion, upon the mere ground that the facts stated in the complaint did not authorize the judgment, without a sufficient excuse being shown for the defendant's failure to appear and answer in time.

A motion to set aside the judgment cannot be made to perform in such a case the office of a writ of error.

APPEAL from the Circuit Court for *Rock* County.
The case is stated in the opinion of the court.
*Sloan, Patten & Bailey*, for appellant.
*Knowlton, Prichard & Jackson*, for respondents.

May 15.          *By the Court*, COLE, J.   This action was brought to enforce a mechanic's lien upon the high school building and an acre of land upon which the same is situated, owned by the city of Janesville.   *Pratt* and *Brown* were the contractors for erecting the building, and the claim was for materials furnished them by the appellant, and used in constructing it.   The respondents *Pratt* and *Brown* appeared and answered.   The city did not appear or answer.   The cause was referred to a referee to hear, try and determine.   The report of the referee was filed, and an order entered by the circuit court on the 11th of January, 1860, confirming the same, and directing judgment establishing a lien against the building; and judgment was entered to that effect.   On the third of March following, the respondents, including the city of Janesville, moved on the record to set aside the judgment. On the hearing of this motion the court made an order confirming the judgment which had been entered as to the respondents *Pratt* and *Brown*, but setting the same aside so far as it established and created a lien on the building and premises described in the complaint.   From this order this appeal is taken.

The judgment in this case against the city appears to have been regularly entered up, and we cannot see why it should have been set aside in this summary manner.   Undoubtedly

it was competent for the court to relieve the city from the judgment, upon a sufficient and reasonable excuse being shown for not appearing and answering in time. For the statute authorizes a court to relieve a party from an order or judgment, within a year, on the ground of mistake, inadvertence or surprise, or excusable neglect. Sec. 38, chap. 125, R. S. But no such cause was assigned or shown for setting aside this judgment.

It is suggested that the ground upon which the circuit court set aside the judgment as to the city of Janesville was, that its property used for school purposes being exempt from sale on execution, no mechanic's lien could be obtained or enforced against such property. Whether this position be sound or not, we shall not stop to inquire on this appeal. It is very apparent that the question whether the building was subject to a mechanic's lien, was necessarily involved in the merits of the case, and in determining the appellant's right to recover. The court must have considered and passed upon this question in giving judgment. Then to set aside the judgment because a mechanic's lien could not be enforced against a building used for school purposes, is to make such a motion perform the office of a writ of error. If this practice is to obtain, we cannot see why, with equal reason, a judgment should not be set aside on such an applicacation, for some error occurring on the trial in the admission or exclusion of evidence, or for improper instructions given to a jury. Thus might be corrected on a motion any supposed mistake in the proceedings or judgment of the court. As remarked in the brief of the counsel for the appellant, it is a novel practice for a defendant to lie by until judgment is perfected against him, and then, without papers, to move the court to set aside the judgment, and obtain a decision on such motion, adjudging that the plaintiff is not entitled to any judgment whatever against the defendant. This practice appears to us to be not only novel but dangerous to the rights of suitors. *The Bank of the United States vs. Moss et al.*, 6 How. (U. S.), 31; *Cameron vs. McRoberts*, 3 Wheat., 591; *Fellows et al. vs. Hall et al.*, 3 McLean, 487. Had the city come in and set up in its answer that the building was

January Term, 1861.

used for school purposes, and therefore was not subject to a mechanic's lien for materials used in its construction, the sufficiency of that defense could have been properly tried and determined. But no such defense was made, and the court in giving the judgment it did, must have decided that the building was subject to the lien.

The order of the circuit court setting aside the judgment establishing the lien upon the building, is reversed, with costs.