THE NIAGARA INSURANCE CO. v. RODECKER & PEARSON.

1. Judgment: VACATION OF: ORDER OF INQUIRY. Where a petition is filed to vacate a judgment the court may first determine whether the grounds upon which the petition is based are sufficient before inquiring into the validity of the defense, although the judgment cannot be vacated until there is shown to be a valid defense to the action.

2. ——: INSURANCE: SERVICE UPON AGENT. In an action against an insurance company, under the laws of this State, service of process may be made upon any authorized agent of the company, and the fact that an agent was served in another county than the one where the loss occurred does not constitute "fraud practiced by the successful party," authorizing a vacation of the judgment.

3. ——: ——: CASUALTY. Nor is it a sufficient ground for the vacation of the judgment that the agent who was served with notice of the action placed the notice in an envelope addressed to the general agent of the company, and placed the letter where he supposed it would be mailed, but which never reached the general agent, and who was accordingly ignorant of the pendency of the action, and judgment was rendered by default.

*Appeal from Guthrie District Court.*

SATURDAY, OCTOBER 20.

THE plaintiff is a corporation in the state of New York, doing business in Iowa. On the 28th day of January, 1876, by its policy of insurance, the plaintiff undertook to insure the defendants against loss by fire, in the sum of $3,000, upon a certain building, with a stock of goods therein, situated in the town of Stuart, Guthrie county, Iowa.

In June, 1876, the defendants commenced an action against plaintiff in the Guthrie District Court upon said policy of insurance, making the proper averments as to the destruction of said building and stock by fire, without their fault, etc.

On the 17th day of June, 1876, the original notice of the action was served personally, by the sheriff of Polk county, at Des Moines township, in said county, upon E. J. Ingersoll, one of the firm of Ingersoll, Howell & Co., the agents of said insurance company at Des Moines.

On the 3d day of October, 1876, it being the second day of the October term of the District Court for Guthrie county, the company having failed to appear to said action, a default was entered and a judgment was rendered against it.

On the 19th day of February, 1877, the insurance company filed in said court their petition for a new trial, averring that at the time of the service of the original notice J. D. Nichols was the local agent of said insurance company in and for Guthrie county, and the only agent said company had in the State of Iowa for that county; and that application for said insurance was made through said agent, and that the policy was delivered to the assured by said Nichols; that Ingersoll, Howell & Co. were the local agents at Des Moines, Iowa, and had no authority to represent said company within the county of Guthrie; that they had no knowledge of said policy of insurance other than was derived from the service of said original notice, and a notice to take depositions which was served at the same time, and had no authority from said company to in any manner control or manage its litigation, or to employ or retain counsel to look after the same; that immediately upon the service of said notices said Ingersoll inclosed the copies thereof left with him in an envelop, and directed the same to the general office of said company at Chicago, and placed the same, duly sealed and stamped, in the post-office at Des Moines; that said policy was issued at Chicago, and at its date, and ever since, all reports of losses and all matters pertaining to the business of the company in the State of Iowa, including notices of the commencement of actions, were and have been made and transmitted to the general western agency at Chicago; that neither said original notice nor the notice of taking depositions ever reached said agency at Chicago, or the general office of the company in the city of New York; that, except as aforesaid, the commencement of said action was not known

to any of plaintiff's agencies, or to any of its agents, until after the judgment aforesaid had been rendered and execution issued thereon; that said company has a meritorious defense to said action, of which it was fully advised before the commencement thereof, but that it was prevented from defending solely by the failure to receive notice thereof, and without fault or negligence.

The petition prayed that said default and judgment be set aside, and that said company have leave to answer. Accompanying said petition there was an answer setting up a defense to the action upon the policy of insurance. There was a demurrer to the petition, which was overruled. The appellees then answered the petition, denying all the allegations thereof. There was trial to the court. The prayer of plaintiff's petition was denied, and the costs were taxed to the plaintiff. Plaintiff appeals.

*Wright, Gatch & Wright,* for appellant.

*Barcroft, Given & Drabelle,* for appellees.

ROTHROCK, J.—I. No evidence was taken as to the validity of the defense set up in the answer accompanying the petition to set aside the default and judgment. The court below seems to have proceeded first to try and decide upon the grounds to vacate the judgment, before trying or deciding upon the validity of the defense. This may be done under Sec. 3160 of the Code. Having decided that the grounds to vacate were not sufficient, it was unnecessary to go into the inquiry as to the validity of the defense.

1. JUDGMENT: vacation of: order of inquiry.

If it had been found that the company was not negligent in law or fact, in not sooner appearing to the action, then before the judgment could be vacated the validity of the defense must have been tried and determined. Not only the sufficiency of the answer upon its face, but the truth of its averments, must be determined.

We think this is the proper construction of Chapter 1, Title 19 of the Code.

II.   It is urged by counsel for appellant that the showing made to vacate is sufficient on the ground of " fraud practiced *2. ——: insur-* by the successful party in obtaining the judgment." *ance: service upon agent.* It is claimed that the service of the original notice upon Ingersoll was illegal and fraudulent.

It appears from the evidence that Ingersoll, Howell & Co. were the duly appointed agents of the company in Des Moines and vicinity.   It further appears that said company had filed with the Auditor of State a written instrument authorizing any agent or agents of said company in this State to acknowledge service of process for and in behalf of said company, in this State, consenting that service of process, *mesne* or final, upon any such agent or agents shall be taken and held as valid as if service were had upon said company according to the laws and practice of said State or of any other State.

The company was required to thus submit to the jurisdiction of the courts of this State as a condition to the transaction of business within the State.   Code, § 1144.   The loss occurred in Guthrie county, and it was the right of the assured to commence their action in that county.   Code, § 2584.

In our opinion service of process may be made upon any agent of the company within the State, under Sec. 1144 of the Code, and the provisions of that section are not modified or controlled by other sections of the statute as claimed in argument.   It follows that if the original notice was served upon the proper agent the company was bound thereby, and that such service was not fraudulent.

III.   It is further urged that the facts show the judgment should have been vacated under Sec. 3154 of the Code, for *3. ——: ——:* unavoidable casualty or misfortune preventing the *casualty.* company from defending.

Ingersoll, the agent upon whom service was made, testified in his examination in chief that when the notices were served he took an envelop with printed directions to the general agents of the company located in Chicago, with their address upon it, put the notices in the envelop, sealed it, and put it into the mail at Des Moines, and addressed to Chicago.

It will be observed that he does not state that he put the

envelop containing the notices in the post-office at Des Moines. In his cross-examination he states that his recollection is he put this letter into a basket in his main office, and yet may have put it in a pigeon hole; that the mail of the firm was made up and put in a pigeon hole or basket until sent to the post-office. It will be observed that the witness does not pretend to state that the envelop with the enclosure was actually deposited in the post-office. He is certain that it was, but his belief is founded upon the fact that letters deposited in the basket or pigeon hole were taken to the post-office by some one, usually by some member of the firm.

David Beveridge, the general agent of the company at Chicago, testified that the envelop with the notices enclosed never reached said agency in Chicago.

It is not claimed that there was any accident at or about that time, by which the mails between Des Moines and Chicago were destroyed or delayed.

In view of the almost unerring certainty in the transmission of the mails in this country, which is well known to all men, we think the court below was justified in finding from the evidence that the envelop in question was not deposited in the post-office at Des Moines, or at least that the fact was not established by a preponderance of evidence.

We have not given all the evidence, nor is it necessary. It may be proper, however, to say that the witness Ingersoll did not regard the pendency of the suit as a matter to which he should give attention. He did not write any letter to the general agency upon the subject. The service of the notices made so slight an impression upon his mind that, when his attention was afterward called to it, his recollection of the transaction was at that time indefinite. In view of all the evidence, we cannot say that the court erred in denying the prayer of plaintiff's petition, or that there is such a want of evidence to support the finding as to justify our interference.

AFFIRMED.