JULIUS HAMMERSLAUGH et als. v. D. L. FARRIOR.

*Pleading— Verification—Judgment by Default.*

1. The statute in regard to the verification of pleadings, contemplates only two cases in which the affidavit may be made by the attorney : One, when the action is founded upon a written instrument for the payment of money only, and such instrument is in the possession of the attorney ; and the other, when the material allegations are within the personal knowledge of the attorney.

2. Where a verification to a complaint stated that it was made by the attorney because the plaintiffs were non-residents, and that his means of knowledge were derived from an affidavit of the plaintiff, and from admissions made to him by the defendant, but did not state that the material allegations were within his personal knowledge; *It was held,* to be insufficient, and the defendant had the right to file an unverified answer.

3. A judgment by default final cannot be rendered unless the complaint is verified.

(*Cowles* v. *Hardin*, 79 N. C., 577 ; *Witt* v. *Long*, 93 N. C., 388, cited and approved).

This was a CIVIL ACTION, heard by *Gilmer, Judge,* at February Term, 1886, of the Superior Court of DUPLIN County.

The case was heard upon a motion of the defendant to file an unverified answer, and a motion by the plaintiffs for judgment upon the complaint, which alleged in substance, that certain goods were sold by the plaintiffs to the defendant on a credit of four months, and that the defendant had paid the plaintiffs nothing for said goods, and the plaintiffs demanded judgment for five hundred and ninety-eight and $\frac{11}{100}$ dollars, and interest on the same until paid, from four months after the 26th day of March, 1885.

The following was written on said complaint as a verification thereof :

"E. J. Hill being duly sworn, says: That he is the attorney of the plaintiffs in this action, and that the facts set forth in this complaint are true, except as to those stated on information and belief, and as to those he believes it to be true, and that his knowledge and belief of the facts is derived from·an affidavit of the plaintiff Julius Hammerslaugh, and from admissions of

the defendant Farrior, made in frequent interviews with this affiant: and that this affidavit is not made by the plaintiffs, because they are non-residents, as this affiant is informed and believes."

The defendant insisted, that what purported to be a verification was not in conformity with the requirements of The Code, and that the complaint stood without verification, and offered to file an unverified answer, denying the second article of the complaint, and setting up a counter-claim.

His Honor held, that the complaint was properly verified, and that the defendant could not file an unverified answer. The defendant declined to verify his answer, and his Honor gave a judgment by default final against him, from which he appealed.

*Mr. E. J. Hill*, for the plaintiffs.
*Mr. W. R. Allen*, for the defendant.

ASHE, J. (after stating the facts). The question presented for our determination by the appeal is, whether the complaint was verified in compliance with the statutory requirements.

It was verified by the attorney of the plaintiff.

By §257 of The Code, it is provided: "Every pleading in a Court of record, must be subscribed by the party, or his attorney; and when any pleading is verified, every subsequent pleading, except a demurrer, must be verified also;" and by §258, it is declared: "The verification must be to the effect, that the same is true to the knowledge of the person making it, except as to those matters stated on information and belief, and as to those matters, he believes it to be true, and must be by affidavit of the party, or if there be several parties united in interest, and pleading together, by one at least, of such parties, acquainted with the facts, if such party be within the county where the attorney resides, and capable of making the affidavit. The affidavit may also be made by the agent or attorney, if the action or defence be founded upon a written instrument for the

payment of money only, and such instrument be in the possession of the agent or attorney, or if all the material allegations be within the personal knowledge of the agent or attorney."

The act contemplates only two cases where the affidavit may be made by the attorney. The one, when the action is founded upon a *written instrument for the payment of money* only, and such instrument is in the possession of the attorney; and the other, when the material allegations are within the personal knowledge of the attorney. The one or the other of these facts are essential to the validity of a verification by an attorney.

But in this case, the attorney does not pretend to have any personal knowledge of the allegations of the complaint; and the action is not founded upon a written instrument for the payment of money, but is in the nature of assumpsit for goods sold and delivered. *Cowles* v. *Hardin*, 79 N. C., 577. The verification is not in compliance with any provisions of the statute, and is, therefore, insufficient, and the complaint must be regarded as unverified, and it was error in the Court to refuse the defendant the right he claimed to file an unverified answer, and to give a judgment final against him for want of answer; for a judgment by default final can only be rendered when the complaint is verified. *Witt* v. *Long*, 93 N. C., 388.

There is error. The judgment of the Superior Court is reversed, and a *venire de novo* awarded.

Error.                                                   Reversed.