TURNER v. THRESHING MACHINE CO.

(Filed November 17, 1903.)

1. JUDGMENTS—*Excusable Neglect—Findings of Court.*

On a motion to set aside a judgment, if the court finds the movant guilty of inexcusable neglect, it need not find whether the defendant had a meritorious defense.

2. JUDGMENTS—*Setting Aside—Justices of the Peace—Findings of Court—Superior Court.*

On appeal to the superior court from an order of a justice denying a motion to open a default judgment, the court may disregard the justice's finding of fact and hear the matter anew.

3. JUDGMENTS—*Attachment—Publication—Foreign Corporation—Notice.*

A non-resident corporation, against which a default judgment was obtained after service by publication, is not entitled to have the default judgment opened on the ground that it had no notice of the pendency of the suit unless it shows that it exercised due diligence.

ACTION by W. E. Turner & Son against J. I. Case Threshing Machine Company, heard by Judge *T. A. McNeill* at May Term, 1903, of the Superior Court of IREDELL County. From a judgment for the plaintiff the defendant appealed.

*Armfield & Turner,* for the plaintiff.
*Furches, Coble & Nicholson,* for the defendant.

WALKER, J. This is an action which was brought by the plaintiff before a justice of the peace on the 19th day of August, 1902, to recover from the defendant the sum of $154.40 due by account for commissions on sales of machinery alleged to have been made by the plaintiff for the defendant as its agent. The defendant, being a non-resident, was

brought into court by publication, and was required to appear and answer the complaint on the 20th day of September, 1902. A warrant of attachment was issued and levied upon a note due by D. A. Morrison to the defendant. On the return day of the summons, which was served by publication, the defendant company failing to appear and answer, judgment by default was entered by the justice of the peace, and the proceeds of the note attached were applied to its satisfaction. There was no dispute as to the regularity of the publication of the summons and the service of the warrant of attachment. The defendant filed a petition in the case, which was verified on the 13th day of January, 1903, and in which it alleged that it had never been served with process except by publication; that it had no actual notice of the action until after the rendition of the judgment; that it was not indebted to the plaintiff for commissions on sales, as alleged by him, and that it had a meritorious defense to the action. The defendant then prayed that the case be re-opened and that it be allowed to defend. Affidavits were filed by the plaintiff controverting the allegations of the defendant's petition, and upon the petition and affidavits the justice of the peace found the facts, one of those findings being "(4) that said defendant had actual notice of the pendency of said suit, its nature and the time and place of trial ten days or two weeks before the same was tried, and could have been present and made its defense, if any it had." Upon his findings the justice denied the defendant's motion to re-open the case, and the defendant appealed to the Superior Court. In the latter Court the judge found the following facts:

"1. That the defendant is a corporation created under the laws of Wisconsin, doing business at Racine in said State.

"2. That a judgment was rendered in this action in favor of the plaintiffs against the defendant before W. C. Mills, J. P., for $154.40 and costs, on the 20th September, 1902,

upon the cause of action set out in the record; that attachment proceedings were regularly taken in the action, and such proceedings were had thereon as that a note due the defendant by one D. A. Morrison was attached and the proceeds applied to the satisfaction of said judgment of September 20, 1902, as appears in the record.

"3. That on the trial before the justice of the peace the plaintiffs were examined on oath as witnesses in respect to the validity of their cause of action.

"4. That on July 30, 1902, a letter was written by the plaintiffs' attorneys to the defendant, a copy of which, marked 'Exhibit A,' is hereto attached and made a part of this finding.

"5. That O. C. Clingman was one of the defendant's agents, and had notice of the institution and pendency of the action in which the judgment of September 20, 1902, was rendered, some ten days before judgment was rendered.

"6. That on the return day of the writ the case was tried and the defendant was not present, nor was it represented by an attorney or agent on the hearing.

"7. That except by virtue of the attachment proceedings and the connection of O. C. Clingman with the institution of the suit before the judgment of September 20, 1902, the defendant had no actual notice of the rendition of the judgment on September 20, 1902, until after the D. A. Morrison note and indebtedness had been subjected to the execution issuing on the said judgment."

On the foregoing facts, and upon a consideration thereof, the Court adjudged that the defendant had failed to show good cause for setting aside the judgment complained of, and its motion was denied. The defendant excepted to this ruling on the following grounds: 1. That the Court refused to re-open the case on the facts found. 2. That the Court erred

in failing to find that the defendant had a valid and merito-
rious defense to the action.

While it would have been better, perhaps, for the Court to
have found as one of the facts whether or not the defendant
had a valid and meritorious defense to the action in order to
make the findings of fact complete, yet we do not think that
the failure to find as to that fact is fatal to the ruling of the
Court below.    It can make no difference how good or merito-
rious a defense a party who seeks to set aside a judgment
may have if he has been guilty of such laches as will defeat
his application for the relief demanded.    It does not become
very material to inquire as to the validity of the defense until
it has first been determined whether the defendant has made
out a case entitling it to have the judgment vacated in order
that it may be let in to defend the suit.    A defense abso-
lutely perfect and impregnable would be of no avail if it could
not be pleaded, and this cannot be done until the defendant
shall have shown that it has been free from negligence and
that the right to defend has not been lost by its fault, or, in
other words, until it has shown good cause for setting aside the
judgment.

In the case of *Ins. Co. v. Rodecker,* 47 Iowa, 162, a similar
question was presented, and the Court held that when a peti-
tion is filed to vacate a judgment the Court may first deter-
mine whether the grounds upon which the petition is based
are sufficient before inquiring into the validity of the defense,
although the judgment cannot be vacated until there is shown
to be a valid defense to the action.    This, in our opinion,
accords with the true principle which should govern in such
cases.    *Edwards v. Jamesville,* 14 Wis., 26.    We have dis-
cussed this exception more at length than we would otherwise
have done, because much of the able argument of the defend-
ant's counsel was directed to it.

As to the other exception that the Court refused to vacate

the judgment, it appears that the justice found certain facts, and, among others, that the defendant had actual notice of the suit in time to have appeared and defended it. Upon this finding he entered an order denying the motion, from which the defendant appealed to the Superior Court. This finding of fact by the justice we cannot, under the decisions of this Court, consider, as the judge whose judgment we now have under review did not accept and act upon those findings, but heard the motion *de novo* and found the facts himself, and upon the facts thus found by him based the judgment of the Court from which this appeal was taken. The judge had the right to disregard the justice's findings of fact and to proceed to hear the matter anew. This seems to be the settled practice. *Finlayson v. Accident Co.,* 109 N. C., 196; *In re Deaton,* 105 N. C., 59; *King v. Railroad,* 112 N. C., 318. In Deaton's case the reasons for the adoption of this practice are fully stated.

The finding of the justice that the defendant had actual notice would certainly justify his order and the judgment of the Superior Court, if we were at liberty to consider it, but we must confine ourselves to the facts stated by the judge. He finds that nearly two weeks before the judgment was entered by the justice the defendant was notified by a letter from the plaintiffs' attorneys of the claim, and furnished with an itemized statement of it, and that in the letter demand for immediate payment was made, which demand was coupled with a notice that if payment was not made at once the money would be collected by legal process, and that at least ten days before the rendition of the judgment one of the defendants' agents had received actual notice of the pendency of the suit for the recovery of the plaintiff's account. While it is found that notice of the suit was given to the defendant's agent, it does not appear in the findings of fact at all, and not anywhere in the case affirmatively, even if we were permitted to

133——25

consider the affidavits, that the defendant was not informed by its agent of the pendency of the suit. It would have been very easy to have met this allegation of the plaintiff that the agent had notice by his own affidavit or at least by an affidavit of the defendant denying specifically that it had received any communication on the subject from the agent. We think it can fairly be inferred from the failure of the defendant to show the contrary that it received information from its agent to the effect that the suit had been brought.

It is to be observed also that there is no finding in the case showing what answer, if any, was made by the defendant to the letter of the plaintiff's attorneys, and it does not appear that the defendant took any action whatever in regard thereto, or that it made any provision for the protection of its interests in the event that the suit, which had been threatened in no uncertain terms, was brought, although it had an agent at the place where the plaintiffs lived. The defendant does not seem to have made any inquiry after it received the letter as to whether the threat to sue had been executed, so far as the case shows, until January, 1903, nearly four months after the rendition of the judgment, although, as we have seen, it was put upon its guard by the letter and should have expected immediate action by the plaintiffs in the Court upon its refusal to pay their claim. Had the defendant shown clearly that it had no actual notice of the suit and that it had taken proper steps to have its interests looked after when it received the letter, and that the failure to appear and plead was not the result of any inattention on its part, a different case would have been presented; but under the circumstances it does not seem to us that the defendant has exercised due diligence. What does not appear is presumed not to exist. And this is especially true, when, as in our case the burden of showing the fact would acquit it of negligence is upon the defendant. In view of the contents of the letter from the

plaintiff's attorneys to the defendant, we think the defendant's long silence required explanation. There was no exception upon the ground that the Court failed to find as a fact that the defendant did not receive the letter from the attorneys, or that its agent had failed to notify it of what he had learned in regard to the suit. We must, therefore, conclude that there was no evidence to establish these facts.

There was no error in the ruling of the Court below.

No error.