DAVID MILLER ET AL. v. A. L. CURL ET AL.

(Filed 9 April, 1913.)

1. **Pleadings — Verification—Attorney—Principal and Agent—Interpretation of Statutes—Substantial Compliance.**

   An attorney of a party may verify the pleading if the action or defense be founded upon a written instrument for the payment of money only, which is in the attorney's possession, or if all the allegations of the pleadings be within his personal knowledge; but when so verified, the statute requires (which requirements must be substantially complied with) that the attorney set forth in the affidavit his knowledge or the grounds of his belief on the subject, and the reason it is not made by the party. Revisal, secs. 488, 489, 490.

2. **Same—Defective Affidavits.**

   A verification of a complaint made by an attorney of the plaintiff, setting forth in the affidavit "that the facts set forth . . . as of his own knowledge are true, and those stated on information and belief he believes to be true . . . ; that the action is based on a written instrument for the payment of money, and that said instrument is in his possession, and he therefore makes this verification pursuant to the provisions of the Revisal of 1905," does not comply with the requisites of the statute, and is defective in not stating the grounds of his belief and the reason why the party himself did not make the verification.

162—1

### 3. Same—Judgments.

A judgment by default for the want of an answer should not be entered in an action upon a note for the payment of money when the complaint, verified by the plaintiff's attorney, does not substantially comply with the provisions of the statute respecting such verifications.

### 4. Same—Irregular Judgments—Defenses.

A judgment by default entered in an action on a note for the recovery of money where there is a defective verification made by the plaintiff's attorney, is not void, but irregular; and upon motion made to set it aside, the moving party must show he has a meritorious defense.

### 5. Same—Attorney's Fees—Correction of Judgment—Harmless Error.

Where the Superior Court judge has refused to vacate an irregular judgment by default for the want of an answer, and the moving party has shown no meritorious defense, etc., and therefrom an appeal is taken by the defendant, the error of the lower court in reviewing the judgment and correcting it so as to exclude attorney's fees from the amount of the recovery is in favor of the appellant, of which he will not be heard to complain.

APPEAL by defendant from *Cook, J.,* at February Term, 1912, of GRANVILLE.

This is an action brought to February Term, 1912, upon a note. The complaint was verified by the attorney of the plaintiff as follows: "That the facts set forth in the foregoing complaint as of his own knowledge are true, and that those stated on information and belief he believes to be true. Deponent further says: That this action is based on a written instrument for the payment of money, and that said instrument is in his possession, and he therefore makes this verification pursuant to the provisions of section 490 of the Revisal of 1905." Judgment by default final was rendered in favor of the plaintiff at the return term. Defendant moved to set it aside at November Term, 1912, upon a notice of the motion served 15 June, 1912, and in it assigned three grounds:

1. For that the said judgment was rendered at the return term of the summons issued in said action and upon a complaint filed by the plaintiff, which is not properly verified.

2. For that said judgment was rendered for an amount considerably in excess of the amount due by the defendants to the plaintiff, and includes a commission of 10 per cent as attorney's fees.

3. For that the defendant A. R. Davis has discovered, since the rendition of said judgment, that said commission of 10 per cent as attorney's fees is included in the amount of said judgment.

The court refused to vacate the judgment, but amended it by striking therefrom an allowance of 10 per cent upon the amount of the note for attorney's fees, based upon a like stipulation in the note, and as thus amended the judgment was allowed to stand. There was no affidavit or other proof showing merit in the application. Defendant appealed.

*T. Lanier for plaintiff.*
*B. S. Royster for defendant.*

WALKER, J., after stating the case: The statute requires that the verification shall state, in substance, that the pleading itself, in its entirety, is true to the knowledge of the person making it, except as to matters therein stated on information and belief, and as to those matters, he believes it to be true. This is so where a party to the proceeding makes the verification, but it may also be made by an agent or attorney, if the action or defense be founded upon a written instrument for the payment of money only, which is in the possession of the agent or attorney, or if all the material allegations of the pleading be within his personal knowledge; but when the pleading is verified by an agent or attorney, he must set forth in the affidavit his knowledge or the grounds of his belief on the subject, and the reason why it is not made by the party. Revisal, secs. 488, 489, and 490. The object of the statute is to give the pleader a convenient substitute for the old bill of discovery in equity, and to eliminate all issues of fact that the parties are not willing to raise under the sanctity of an oath. *Griffin v. Light Co.,* 111 N. C., 434; *Phifer v. Insurance Co., infra.* It is also reasonably necessary for the protection of the other party in cer-

tain cases. This provision of the statute should, therefore, be at least substantially complied with. The verification in this case is defective in its very first averment. *Phifer v. Insurance Co.,* 123 N. C., 410; *Carroll v. McMillan,* 133 N. C., 140; *Payne v. Boyd,* 125 N. C., 499. It would be useless to discuss this part of the verification, as the cases which we have cited present the identical question here raised, and are conclusive in their reasoning, to which we simply refer. There is another defect noticeable. The attorney does not state why the verification was not made by one of the plaintiffs, and there is nothing stated from which we can fairly infer the reason for this failure by them to verify their own pleading. Revisal, sec. 490; *Banks v. Manufacturing Co.,* 108 N. C., 282. The judgment, therefore, should not have been rendered. *Hammerslaugh v. Farrior,* 95 N. C., 135. The judgment, however, was not void, but merely irregular. *Cowan v. Cunningham,* 146 N. C., 453. It was held in that case: "If it should be conceded in such case that a judgment by default final is not allowable on an unverified complaint, the defect only amounts to an irregularity, and such judgments are not set aside as a matter of right in the party affected, but in the sound legal discretion of the court. It is always required that a party claiming to be injured should show that some substantial right has been prejudiced, and he must proceed with proper diligence and within a reasonable time," citing *Becton v. Dunn,* 137 N. C., 562. There is another important consideration. Where a party moves to set aside a judgment for irregularity or excusable neglect, he should make it appear that he has a meritorious defense. This must be taken as finally settled. *Turner v. Machine Co.,* 133 N. C., 381; *Currie v. Mining Co.,* 157 N. C., 209; *Scott v. Life Association,* 137 N. C., 516; *Minton v. Hughes,* 158 N. C., 587; *Norton v. McLaurin,* 125 N. C., 185; *Leduc v. Slocomb,* 124 N. C., 347. The reason for this practice is clearly stated by Justice *Ruffin* in *Mauney v. Gidney,* 88 N. C., 200: "In the first place, and contrary to all the authorities, the defendants omit to set out in their application any defense whatsoever which they then had, or which it is conceived they could now make to the action; and for aught the Court can tell, looking

to their allegations, it may be called upon, after setting aside the judgment, to render just such another between the same parties. To avoid engaging in so vain a thing, the courts have uniformly required in all such applications that the parties should, at least, set forth such a case as *prima facie* amounted to a valid defense," citing *English v. English,* 87 N. C., 497; *Jarman v. Saunders,* 64 N. C., 367. And also by *Chief Justice Shepherd,* in *Everett v. Reynolds,* 114 N. C., 366: "Generally a judgment will be set aside only when the irregularity has not been waived or cured, and has been or may be such as has worked, or may yet work, serious injury or prejudice to the party complaining, interested in it, or when the judgment is void," citing *Williamson v. Hartman,* 92 N. C., 236; *Peoples v. Norwood,* 94 N. C., 167; 1 Freeman on Judgments, sec. 102. The subject is fully reviewed, the same reason substantially given and the same conclusion reached in *Scott v. Life Association,* 137 N. C., 516; and in *Turner v. Machine Co.,* 133 N. C., 381, we held that merits must be shown upon such a motion, citing from other jurisdictions, *Insurance Co. v. Rodecker,* 47 Iowa, 162; *Edwards v. Jamesville,* 14 Wis., 26. In the recent case of *Currie v. Mining Co.,* 157 N. C., 209, *Justice Allen* says: "An irregular judgment is one rendered contrary to the course and practice of the courts, and may be set aside within a reasonable time, and upon showing a meritorious defense."

In this case, the defendant has received full credit for the attorney's fee, which he alleges was wrongfully charged against him and included in the judgment in the legally questionable, but seemingly just, exercise of the court's discretion, as the inclusion of that amount was merely erroneous, and the judgment, in that respect, could be revised only by appeal. But the ruling was in defendant's favor, the plaintiff not complaining of it. It is, therefore, not before us for review. Our conclusion is that there was no error in the refusal of the defendant's motion.

No error.