BEAUFORT LUMBER COMPANY v. A. J. COTTINGHAM.

(Filed 11 April, 1917.)

**1. Appeal and Error—Judgment—Excusable Neglect—Terms Agreed—Willful Refusal.**

Where the trial judge has found as facts that a defendant who had obtained a continuance of his case upon terms that he had agreed upon and willfully refused to perform, and that his answer had been stricken out and judgment as for contempt rendered against him, the claim of mistake, inadvertence, surprise, or excusable neglect is excluded, and will not be sustained on appeal.

**2. Judgments—Default—Answer Stricken Out—Collateral Attack—Appeal and Error.**

The legal authority of the trial court to strike out defendant's answer and render judgment against him cannot be collaterally attacked on appeal from a refusal of that court to set aside the judgment for mistake, etc., arising from a different and later matter.

**3. Judgments—Continuance of Case—Terms—Bonds—Duty of Client—Neglect of Counsel.**

It is the duty of a party to an action, or his duly authorized agent, who is present and acting for him, to comply with agreed terms of an order granting him a continuance, and not the duty of his attorneys, and the neglect of the latter therein is not sufficient ground to set aside the judgment rendered against him in consequence.

**4. Appeal and Error—Excusable Neglect—Trial Court—Findings of Fact—Evidence.**

Upon appeal from a motion to set aside a judgment for excusable neglect, the finding of facts by the trial court, when supported by evidence, is conclusive.

**5. Judgments Set Aside—Offer of Party—Contracts—Complaint—Excusable Neglect—Courts.**

An offer privately made by the plaintiff that a judgment *pro confesso* in his favor will be set aside upon the defendant's giving a mortgage on the lands described in the complaint to indemnify him against damages, etc., must be complied with according to its terms, and the courts, in passing upon the question of defendant's excusable neglect therein, are without power to vary the terms of the offer, and set aside the judgment previously rendered.

MOTION to set aside a judgment, heard by *Kerr, J.,* at December Term, 1916, of ROBESON.

This controversy grew out of a case which was before this Court at a former term, *Lumber Co. v. Cottingham,* 168 N. C., 544, affirmed on rehearing.

The present proceeding is an application to set aside the judgment rendered at December Term, 1914, in the case. for excusable neglect. After the judgment had been entered because the defendants had failed to comply with the condition of a continuance granted by Judge Cooke, who presided at December Term, 1914, the plaintiff's counsel, of their own motion, signed and filed with the record in the case the following written stipulation: "The plaintiff offers to strike out the judgment rendered at this term *pro confesso,* if the defendants file the bond specified in the order or continuance entered at this term within ten days from 19 December, 1914, or they may give a mortgage on the lands described in the complaint, in said sum, conditioned as set out in the order of continuance."

Judge Cooke had, on request of defendants. granted a continuance, at December Term, 1914, upon condition that defendants file a bond, before the adjournment of court, in the sum of $4,500, with surety, or a mortgage on the land in dispute, to secure plaintiff's damages, if any, which they failed to do, whereupon the answer was stricken from the files and judgment entered, the failure to comply with the terms of the continuance being adjudged as a contempt of court. The judgment was affirmed, on appeal by defendant, and reaffirmed on rehearing.

It is found as a fact by Judge Kerr that at December Term, 1914, the *feme* defendant was represented by her husband, A. J. Cottingham. as her agent, and also her codefendant, and that both were represented during the term by able and learned counsel, who acted throughout

with due diligence and fidelity, though Mrs. Cottingham, who was sick, had no actual knowledge of what had taken place during the term until after its adjournment. It is further found as a fact that the judge had nothing to do with, nor was he influenced by, the offer or stipulation of plaintiff's counsel in rendering the judgment, but that the same was filed after the judgment was entered, and was wholly voluntary on the part of said counsel. The defendants Cottingham and wife did not formally accept the offer of plaintiff's counsel but within the ten days allowed in the offer they filed in the clerk's office a mortgage, duly executed by them on a part of the lands described in the complaint, and not all of them, and that said mortgage was not filed absolutely, but conditionally, or in escrow, that is, it was not to be considered as filed absolutely during the pendency of the appeal from the judgment, but should await the result of that appeal, the offer being that it should be filed unconditionally. The judge, therefore, found as a fact that in these respects the defendants had not complied with the offer or proposed stipulation of plaintiff's counsel. The judge also finds that the affidavit of one of plaintiff's counsel is true, and it is therein stated that he notified defendant's counsel of the offer in the courthouse, and the judge states in his finding that "defendants and their counsel knew or should have known of the voluntary stipulation and the terms thereof." It also appears in the findings that the plaintiffs, when their attention was called to the entry on the mortgage filed by defendants with the clerk of the court, refused to accept the same as a compliance with their offer, because it omitted between 90 and 95 acres of the land and was filed conditionally, or in escrow, and further because it contained untrue and improper recitals. The appeal in the case was then perfected and prosecuted with the result already stated. There is one other material finding, viz.: "The said (defendant's) counsel prepared the mortgage aforesaid, and defendants signed the same and delivered it to their counsel to be filed, and that the said counsel filed the same, as appears of record."

The court held: (1) That it had no power to interfere with the judgment of December Term, 1914, signed by Judge Cooke. (2) That the facts found by him from the evidence do not constitute excusable neglect. (3) That defendants are not entitled to have the judgment set aside.

The motion of defendants was, therefore, denied, and defendants excepted.

The defendants specially requested a finding with reference to what had occurred at Maxton, N. C., when the mortgage was prepared and executed by defendants, and as to the advice of their attorneys that

the mortgage was properly drawn, and their instructions to one of their attorneys to file the same in accordance with the offer of plaintiff's counsel, and his statement, on his return, that he had done so, and as to some other matters. There was evidence upon which to base this request for a finding, but with respect thereto the case states that the judge considered all the evidence, and "that the facts found by him, as set out in the judgment, and in the papers and records therein mentioned, are all the facts established to the satisfaction of the court at the hearing of the motion."

An order denying the motion, and for costs to be taxed against defendants, was entered, and they appealed.

*McLean, Varser & McLean for plaintiff.*
*McIntyre, Lawrence & Proctor, and Walter H. Neal for defendants.*

WALKER, J., after stating the case: There is no ground upon which it can be claimed that there was any excusable neglect during the term of the court at which the judgment was rendered. A continuance was granted the defendants by Judge Cooke upon terms which were that they secure any damages plaintiffs recovered, by bond or mortgage, as specifically set forth, and these terms were accepted by defendants, though not complied with by them, and Judge Cooke found as facts that defendants had said late in the term "that they would not comply with the order, and it was then too late to try the case," and, further, that the refusal of defendants was willful. This excludes the idea that the defendants failed to comply with the order, made with their consent, because of any mistake, inadvertence, surprise, or excusable neglect. It cannot properly be said of a willful refusal to perform an act, or a duty, that it was neglectful, and, with less reason, that it was excusably so. The finding of Judge Cooke was, substantially, that the refusal of defendants to comply with the terms of the consent order was not only willful, but contemptuous, and this Court so regarded the finding when the case was here at a former term (168 N. C., 546), and the defendants, in their brief, so treat the finding and ruling of Judge Cooke. Besides, the judge states that the *feme* defendant was represented "fully and ably and loyally by counsel," and by her husband, as agent for her, and there is no reason perceived by us why she should not be bound by the judgment, except the one she advanced, that the court could not legally strike out her answer and give judgment, even though she was guilty of contempt, and that is not open to her in this proceeding, which is collateral to the other one and proceeds on the assumption that the judgment, on the face of the record, is a valid

one. It was no part of her counsel's duty to file a bond for her, and if her agent willfully refused to file it, the plaintiffs should not suffer therefrom, as it was not their fault. But however this may be, the judge has found that there was no excusable neglect at the time the judgment was entered or prior thereto, and we concur in this ruling.

We seriously doubt if section 533 of the Revisal, authorizing a judgment be set aside because of excusable neglect, applies to a case where a party has simply failed to comply with the terms of a private offer by counsel of the other side, with which the court had nothing to do. It would seem to be a matter for settlement between the parties interested. Excusable neglect is something which must have occurred at or before entry of the judgment, and which caused it to be entered, not matter *ex post facto* which had no relation to the action of the court or to anything which transpired before its rendition. But assuming that it is embraced by the statute, for the sake of discussion, we do not find any fact or facts in the judgment of Judge Kerr which constitute excusable neglect according to the meaning and understanding of the law. We are concluded by the judge's finding of facts, where there is some supporting evidence. *Weil v. Woodard,* 104 N. C., 94; *Koch v. Porter,* 129 N. C., 132; *Morris v. Ins. Co.,* 131 N. C., 212; *Turner v. Machine Co.,* 133 N. C., 381; *Gaylord v. Berry,* 169 N. C., 733; *Gardiner v. May,* 172 N. C., 192. In *Norton v. McLaurin,* 125 N. C., 185, the following classification was made under the corresponding section of The Code:

"1. The findings of fact by the judge are final (*Weil v. Woodard,* 104 N. C., 94; *Albertson v. Terry,* 108 N. C., 75; *Sykes v. Weatherly,* 110 N. C., 131), unless upon an exception that there was no evidence as to some fact found by him (*Marion v. Tilley,* 119 N. C., 473), or failure to find material facts, *Smith v. Hahn,* 80 N. C., 241.

"2. Upon the facts found, the judge finds, as a conclusion of law, whether there has or has not been excusable neglect, and from such conclusion either side may appeal. *Winborne v. Johnson,* 95 N. C., 46; *Weil v. Woodard, supra.*

"3. If he finds correctly that the negligence was inexcusable, of course, that defeats the motion to set aside the judgment.

"4. If he finds correctly that the engligence was excusable, then whether he will or will not set the judgment aside is in his irreviewable discretion (*Manning v. R. R.,* 122 N. C., 824; *Stith v. Jones,* 119 N. C., 428; *Sykes v. Weatherly, supra; Winborne v. Johnson, supra,* and cases therein cited), unless in case of gross abuse of discretion (*Wyche v. Ross,* 119 N. C., 174); but the discretion to set aside is not given by the statute (Code, 274), unless there has been excusable neglect."

. And in *Seawell v. Lumber Co.,* 172 N. C., 320 (90 S. E., 241), the following further classification is suggested:

1. The distinction between the negligence of counsel while engaged in the performance of a professional duty and the negligence of the party is clearly marked, and the uniform rule with us is that the negligence of the first will not be attributed to the client, if he, himself, is in no fault; and this is true without regard to the solvency or insolvency of counsel. *Schiele v. Ins. Co.,* 171 N. C., 426. 88 S. E., 764, and cases there cited.

"2. The employment of counsel does not excuse the client from proper attention to his case. (*Pepper v. Clegg,* 132 N. C., 316; 43 S. E., 906), and the test of the negligence of the client or party is whether he has acted as a man of ordinary prudence while engaged in transacting important business (*Norton v. McLaurin,* 125 N. C., 190; 34 S. E., 269; *Allen v. McPherson,* 168 N. C., 437; 84 S. E., 766.)"

If we bring the facts found by Judge Kerr to the test of these practical rules, we find that he has correctly decided that there was no excusable negligence. It was not incumbent upon the *feme* defendant's attorneys, as such, to prepare and file the bond or mortgage, but it was a duty devolved upon her. *Norton v. McLaurin, supra.* It is there said: "This bond, The Code, sec. 237, requires the defendant to file before he can answer or demur, and the failure to file the bond was the neglect of the defendant himself, and no excuse whatever is shown relieving him from the judgment authorized by The Code, sec. 390, upon his failure to file it. When a man (or a woman) has business in court it is his (or her) duty to attend to it, and at the proper time." The obstacle in the *feme* defendant's way is that the judge has refused to find the facts set forth in the affidavit filed by her as to what occurred at Maxton between her and her counsel '(even if they show a case of excusable neglect), and has, on the contrary, found that her counsel prepared the mortgage, defendants signed the same, and delivered it to counsel "to be filed, and that counsel filed the same, as appears in the record." This means that counsel simply filed the mortgage as instructed or, at least, as empowered to do, which implies that they were authorized, if not directed, to file it "as an escrow." It follows, therefore, that the proffered stipulation of plaintiff's counsel was not accepted, and complied with. in the terms of the offer, which we know is necessary to complete the agreement between them. There being no proper acceptance of the offer within the time fixed by it, it fell through, and the court has no right to revive it, or to restore rights under it, or to modify its terms in any respect, as it is no party to it, and has no control over it. The judge finds that the offer was not made

through the court, or with its sanction, and that it was made after the judgment had been entered, and by counsel alone. The acceptance by defendants should have been in the terms of the offer, and if it was not so, the plaintiff had the right to treat the offer as rejected, a conditional acceptance not being sufficient, and especially is this true when, in a certain eventuality, it would not take effect at all. And even if the offer had been that of the court, it does not appear, in the judge's findings of fact, that there was any such restriction upon defendant's counsel as prevented them from filing the mortgage as an escrow, or that they disobeyed instruction, if this would change the result. We cannot remand in order to have additional facts found, as the judge has considered all the evidence, and has stated all the facts which he deemed to be established, and they fail to show a case of excusable neglect. *Norton v. McLaurin, supra.* We cannot compel the judge to believe the evidence. He must pass upon its credibility and its weight without any coercion from us.

It does not appear in the finding of the court that the defendants have a meritorious defense, which is ordinarily fatal to such a motion. *Mauney v. Gidney,* 88 N. C., 200; *Dell School v. Peirce,* 163 N. C., 424; *Minton v. Hughes,* 158 N. C., 587; *Miller v. Curl,* 162 N. C., 1, and cases cited. It would be idle to vacate a judgement if there is no real and substantial defense on the merits. But we need not decide as to this feature of the case, for there must be both excusable neglect and a meritorious defense, as the cases cited by us will show.

In no view of the facts, therefore, as found by Judge Kerr, can we reverse the judgment.

Affirmed.